# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICKY F. MADEWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CV999 HEA |
| | ) |
| ST. LOUIS COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Ricky F. Madewell for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file a second amended complaint on a Court-provided form.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of the instant motion, plaintiff submitted an affidavit and a certified inmate account statement. (Docket No. 5). The inmate account statement covers only two months, and shows a starting balance of $-2.00 and an ending balance of $0.25. Due to a lack of more complete information, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (stating that when a prisoner is unable to provide a certified copy of his prison account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit an updated copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but "does not accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a pretrial detainee at the St. Louis County Justice Center. He has filed this civil action pursuant to 42 U.S.C. § 1983. Plaintiff names the St. Louis County Justice Center as the only defendant.

On June 19, 2018, plaintiff filed his original complaint, which came in the form of a handwritten letter. (Docket No. 1). The Court ordered plaintiff to file an amended complaint on a Court-provided form. (Docket No. 4). Plaintiff has duly complied with this order, and has

submitted an amended complaint.

## The Amended Complaint

Plaintiff states that on May 3, 2018, he was assaulted by two lieutenants of the St. Louis County Justice Center. (Docket No. 6 at 3). The incident occurred at approximately 9:10 a.m., when two captains and eight lieutenants came to plaintiff's cell and attempted to tase him. (Docket No. 6 at 4). In the statement of claim, plaintiff does not identify any of the officers. However, in a grievance attached to the complaint, plaintiff writes that the individuals who came to his cell were Captains Jones and Bracy, Lieutenants Obrien, Drews, Kirksey, and Lewis, and Officers Blust, Phillips, and Paschal[1]. Plaintiff states that the correctional officers came to his cell because they had been informed of his refusal to go to court. Plaintiff alleges that Captain Jones attempted to tase him four times, though the attempts were unsuccessful. At this point, plaintiff complied with directives to kneel down, and then lay down, on the ground. He was then handcuffed, with his hands behind his back.

Plaintiff claims that Captain Jones gave Lieutenant Drews and Lieutenant Lewis an order to apply force. He alleges he was slammed against a wall by both lieutenants, and that both lieutenants grabbed him around the neck and choked him until he nearly passed out. Afterwards, he was placed in a restraint chair at 9:30 a.m. and made to stay there until 8:30 p.m.

As a result of this alleged assault, plaintiff states that his neck was injured and his throat "cracked." He further claims that he was refused medical treatment. Plaintiff seeks his immediate release from custody, as well as $250,000 in damages.

---

[1] The Court will treat this attachment as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

**Discussion**

Plaintiff's amended complaint contains allegations regarding the use of excessive force by correctional officers. These allegations are serious, and if properly pleaded, could be sufficient to pass through § 1915 review. However, the amended complaint in its current form fails to state a claim.

Plaintiff states that he is a pretrial detainee. The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). *See also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"); and *Smith v. Conway, Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished. *Id*.

The amended complaint contains factual allegations indicating an excessive force claim under the Fourteenth Amendment. However, plaintiff has named the St. Louis County Justice Center as the only defendant. A county jail is not a legal entity amenable to suit. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government

are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Even if St. Louis County was to be substituted as a proper party defendant, plaintiff has not alleged any facts to establish municipal liability. *See Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018) (stating that municipal liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise"); and *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing municipal "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Moreover, for purposes of § 1983, it is not sufficient to merely allege that a municipality employed a person who committed a constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor"); and *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory"). As such, plaintiff has not stated a claim against defendant St. Louis County Justice Center, which is the only named defendant in plaintiff's amended complaint.

In plaintiff's statement of claim and the attached grievance, plaintiff identifies several individuals who he alleges were involved in violating his constitutional rights. Plaintiff, though, does not provide these names in the case caption or specifically classify them as defendants. Even if these individuals were to be substituted as proper party defendants, plaintiff has failed to indicate whether he is suing the officers in their official capacities, their individual capacities, or both. When a complaint is silent as to the capacity in which a defendant is being sued, the

complaint is interpreted as including only official capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, a plaintiff suing a public employee in his or her official capacity "sues only the public employer and therefore must establish the municipality's liability for the alleged conduct." *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

In this action, all of the correctional officers identified by plaintiff in his grievance are employees of St. Louis County Justice Center. In order to establish municipal liability, plaintiff would have to establish a policy, custom, or failure to train claim against St. Louis County. As noted above, plaintiff has not alleged facts that support such a claim.

Because plaintiff is proceeding pro se, he will be given an opportunity to rectify the deficiencies of his amended complaint.

Plaintiff should type or neatly print the second amended complaint. The second amended complaint must be on the Court-provided form that will be provided to plaintiff. *See* E.D. Mo. L.R. 45-2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should provide a short and plain statement

7

of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should select the claim(s) he wishes to pursue, and limit the factual allegations to only the defendant(s) who were actually involved. If plaintiff names more than one defendant, he must assert only claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may name one single defendant and bring as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both.[2]

Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. In other words, for each particular defendant, plaintiff must separately write the defendant's name and then, under the name, provide a short and plain statement of factual allegations against that defendant. The Court emphasizes that the "Statement of Claim" requires more than "legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *See Barton*, 820 F.3d at 964.

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned. *See In re Wireless Tel.*

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

*Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file a second amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Additionally, plaintiff has filed a motion to appoint counsel. (Docket No. 2). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint on the Court-provided form, in accordance with the instructions set forth above, **within thirty (30) days from the date of this order.**

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's prisoner civil rights form.

**IT IS FURTHER ORDERED** that upon the filing of the second amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915.

Dated this 24th day of October, 2018.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE