UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICKY F. MADEWELL, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV999 HEA |
| | ) | |
| ST. LOUIS COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court upon review of pro se plaintiff Ricky F. Madewell's third amended complaint. (Docket No. 11). For the reasons discussed below, plaintiff's official capacity claims against defendants Captain Jones and Lieutenant Drews will be dismissed without prejudice. However, the Clerk of Court will be directed to issue process on Captain Jones and Lieutenant Drews in their individual capacities.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or

threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff filed his original complaint on June 19, 2018, which came in the form of a handwritten letter. (Docket No. 1). The Court ordered plaintiff to amend his complaint on July 9, 2018, because plaintiff had not drafted his complaint on a Court-provided form. (Docket No. 4). Plaintiff complied by filing an amended complaint on July 30, 2018, naming the St. Louis County Justice Center as the sole defendant. (Docket No. 6). The Court reviewed plaintiff's

amended complaint pursuant to § 1915, and determined that it was still defective. (Docket No. 8). The Court noted that plaintiff had presented allegations of excessive force, but had only named the St. Louis County Justice Center as defendant. As the St. Louis County Justice Center is not a suable entity, the Court ordered plaintiff to file a second amended complaint.

Plaintiff duly filed his second amended complaint on October 31, 2018. (Docket No. 9). The second amended complaint named Captain Jones, Lieutenant Drews, and the St. Louis County Jail as defendants. The defendants were sued in their official capacities only, and the Court gave plaintiff another opportunity to amend his complaint. (Docket No. 10). On December 17, 2018, plaintiff filed his third amended complaint (Docket No. 11), along with a second motion for leave to proceed in forma pauperis (Docket No. 12), and a motion to appoint counsel (Docket No. 13).

### Plaintiff's Third Amended Complaint

Plaintiff is a pretrial detainee at the St. Louis County Justice Center. He brings this action pursuant to 42 U.S.C. § 1983. He names Captain Jones and Lieutenant Drews as defendants.[1] They are sued in both their official and individual capacities.

Plaintiff alleges that on Thursday, May 3, 2018, at approximately 9:10 a.m., Captain Jones attempted to tase him four times. (Docket No. 11 at 4). Captain Jones then ordered Lieutenant Drews and Lieutenant Lewis[2] to apply force to him. Plaintiff alleges that Lieutenants

---

[1] Plaintiff's third amended complaint does not include the St. Louis County Justice Center – which he sometimes refers to as the St. Louis County Jail – as a defendant. The Court notes that the filing of an amended complaint completely replaces the original, and that claims that are not re-alleged are deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Furthermore, any claims against the St. Louis County Justice Center would have to be dismissed, as a county jail is not a suable entity. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

[2] Lieutenant Lewis is not named as a defendant.

Drews and Lewis slammed him against the wall and choked him until he nearly passed out. During this encounter, plaintiff states that he was handcuffed with his hands behind his back. Afterwards, he claims he was placed in a restraint chair from 9:30 a.m. until 8:30 p.m. As a result, plaintiff states that his neck was injured and his "throat was cracked." Plaintiff believes that defendants used excessive force against him and that it was the result of a failure to train or supervise. (Docket No. 11 at 3).

Plaintiff seeks immediate release from custody and $250,000 in damages. (Docket No. 11 at 5).

**Discussion**

Plaintiff alleges that defendants used excessive force against him while he was jailed at the St. Louis County Justice Center. Having carefully reviewed and liberally construed plaintiff's third amended complaint, the Court must dismiss plaintiff's official capacity claims. However, the Clerk of Court will be directed to issue process on Captain Jones and Lieutenant Drews in their individual capacities on plaintiff's claims of excessive force.

**A. Official Capacity Claims**

Plaintiff's official capacity claims must be dismissed because he has not alleged that St. Louis County had an unconstitutional policy or custom, or that it was deliberately indifferent in failing to train its employees.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit

4

against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Both Captain Jones and Lieutenant Drews are correctional officers employed by the St. Louis County Justice Center. As such, plaintiff's official capacity claims against them are actually against their employer, St. Louis County.

A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove municipal liability against St. Louis County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various

alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, he must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, he must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff provides no allegations that St. Louis County has an unconstitutional policy or custom that makes it liable for the alleged violation of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom anywhere in the third amended complaint.

6

Plaintiff does state that his excessive force claim resulted from a failure to train or supervise. (Docket No. 11 at 3). However, he does not provide any facts to bolster this assertion. Specifically, there are no allegations regarding a pattern of similar constitutional violations by other St. Louis County employees. Instead, plaintiff relies solely on a conclusory statement that defines the claim's elements. This type of pleading is insufficient to state a claim. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (stating that a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do"); and *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that the court must accept factual allegations as true, but "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Therefore, plaintiff's official capacity claims against Captain Jones and Lieutenant Drews must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

**B. Individual Capacity Claims Against Defendants Jones and Drews**

Plaintiff's individual capacity claims against Captain Jones and Lieutenant Drews for excessive force are sufficient for purposes of § 1915 review.

The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). *See also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"); and *Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process

7

Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014).

To that end, the Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). When a prison official is accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) (stating that since "the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted." *Whitley v. Albers*, 474 U.S. 312, 321 (1986).

Plaintiff has alleged that Captain Jones and Lieutenant Drews used excessive force against him while he was a pretrial detainee at the St. Louis County Justice Center. He claims that Captain Jones attempted to tase him four times, and then ordered Lieutenant Drews to apply force against him. Plaintiff asserts that Lieutenant Drews slammed him against a wall and choked him until he nearly passed out. He states that this occurred while his hands were handcuffed behind his back, indicating that force was not being applied to enforce discipline, but

rather to cause harm. Afterwards, despite his injuries, he was placed in a restraint chair for a period of eleven hours.

Pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished. *See Walton*, 752 F.3d at 1117. Bearing that in mind, and accepting these allegations as true, plaintiff's claims are sufficient to survive initial review pursuant to § 1915. Therefore, the Clerk of Court will be directed to issue process upon Captain Jones and Lieutenant Drews in their individual capacities on plaintiff's claims of excessive force.

### C. Plaintiff's Motion for Leave to Proceed In Forma Pauperis

Plaintiff has filed a second motion for leave to proceed in forma pauperis. (Docket No. 12). The Court previously granted plaintiff leave to proceed in forma pauperis, and assessed an initial partial filing fee of $1.00. (Docket No. 8). Accordingly, plaintiff's second motion will be denied as moot.

### D. Plaintiff's Motion to Appoint Counsel

Plaintiff has filed a motion for appointment of counsel. (Docket No. 13). For the reasons discussed below, the motion will be denied at this time.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate

9

the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. Finally, at this stage in the case, it is not known whether there will be conflicting testimony. The Court will entertain future motions for appointment of counsel as the case progresses. For now, however, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's official capacity claims are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's second motion for leave to proceed in forma pauperis (Docket No. 12) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 13) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that the Clerk of Court will be directed to issue process or cause process to issue on defendants Captain Jones and Lieutenant Drews in their individual capacities on plaintiff's excessive force claims.

**IT IS FURTHER ORDERED** that an appeal from this order of partial dismissal would not be taken in good faith.

Dated this 31st day of January, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE